UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANET DIANE SHIPLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:10-cv-1311-DML-TWP |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of the Social Security Administration | ) |
| | ) |
| Defendant. | ) |

## Entry on Motion for Attorneys' Fees

This matter is before the court on the motion (Dkt. 33) by plaintiff Janet Diane Shipley for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. Mrs. Shipley seeks an award of $7,858.56. (*See* plaintiff's reply brief, Dkt. 36, at pp. 6-7).

Section 204(d) of the EAJA, 28 U.S.C. §2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) her attorneys' fees and expenses unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. Financial means tests also affect eligibility for a fee award, §2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. The party's motion to recover her fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. §2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to

a cap rate of $125 per hour plus an increase based on the cost of living if a fee higher than $125 is justified.  28 U.S.C. §2412(d)(2)(A).

The Commissioner opposes Mrs. Shipley's fee request on two grounds.  First, the Commissioner argues that his position was substantially justified, an issue on which the Commissioner bears the burden of proof.  *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009).  If the court rejects the Commissioner's threshold argument that no fees should be awarded, the Commissioner contends Mrs. Shipley has not shown that an increase in the cost of living since 1996 or a special factor (such as the limited availability of qualified attorneys) justifies a rate over $125, as addressed in a recent opinion by the Seventh Circuit in *Mathews-Sheets v. Astrue,* 653 F.3d 560 (7th Cir. 2011).  The Commissioner has not challenged as unreasonable the number of attorney hours spent by Mrs. Shipley's counsel in prosecuting this case.

### A. The Commissioner has not met his burden of showing that the government's position was substantially justified.

To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation conduct (including the ALJ's decision) and its litigation position, and then makes one determination as to the entire civil action.  *Stewart,* 561 F.3d at 683; *Bassett v. Astrue,* 641 F.3d 857, 860 (7th Cir. 2011); 28 U.S.C. §2412(d)(2)(D) (for purposes of fee award, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based.")  The Commissioner's position must have had reasonable factual and legal bases, *Pierce v. Underwood,* 487 U.S. 552, 565 (1988), but need not have been correct.  *See Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir. 1996) (citing *Pierce*, 487 U.S. at 566 n.2).  As the Supreme Court described in *Underwood*:  "[O]bviously, the fact that [a court] agreed or disagreed with the Government does not establish whether its position was substantially justified.  Conceivably, the

Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." 487 U.S. at 569. The test is whether the Commissioner "had a rational ground for thinking [he] had a rational ground for [denying benefits]." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

Recent decisions by the Seventh Circuit provide guideposts for assessing when the Commissioner's position is and is not substantially justified. In *Stewart v. Astrue,* 561 F.3d 679 (7th Cir. 2009), the district court had remanded the denial of benefits but denied fees under the EAJA. The Seventh Circuit reversed the denial of fees, finding that the ALJ's decision had "contravened longstanding agency regulations, as well as judicial precedent," both in deciding the plaintiff's residual functional capacity and then in formulating the hypothetical question to the vocational expert. *Id.* at 684. In *Golembiewski v. Barnhart,* 382 F.3d 721 (7th Cir. 2004), the Seventh Circuit reversed the denial of fees under the EAJA because the ALJ and the Commissioner had "violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations." *Id.* at 724.

By comparison, *Bassett v. Astrue,* 641 F.3d 857 (7th Cir. 2011), *Cunningham v. Barnhart,* 440 F.3d 862 (7th Cir. 2006), and *Conrad v. Barnhart,* 434 F.3d 987 (7th Cir. 2006), are cases in which the Seventh Circuit affirmed the district courts' denials of fees. In each of these cases, the disability claimant had prevailed in the district court primarily because of inadequate explanations by the ALJ of what might well have been a reasonable bottom-line decision to deny benefits. The court said in *Bassett*: "[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." 641 F.3d at 860.

3

This case presents circumstances more like those in *Stewart* and *Golembiewski* than in the latter cases. The court found in favor of Mrs. Shipley and remanded because the ALJ evaluated Mrs. Shipley's mental health impairment (depression)—against the listing of impairments and in determining her residual functional capacity—without having an adequate administrative record to do so. Given the history of the agency's review and adjudication of Mrs. Shipley's disability application, the ALJ's failure to augment the record left his decision without rational basis. The national Appeals Council had remanded the ALJ's earlier denial of benefits in part *specifically* to permit the ALJ to obtain additional evidence regarding Mrs. Shipley's depression. Mrs. Shipley's counsel made repeated requests that the ALJ order a consultative psychiatric examination as part of this evidence gathering, but the ALJ ignored the requests for no apparent reason. At the administrative hearing, the ALJ's comments indicated he was not aware of these repeated requests but, he said, he rarely grants them anyway. The ALJ's failure to provide any explanation for his decision that the mental health evidence was sufficient without a consultative psychiatric examination was particularly troubling because he relied on the lack of "a formal psychological evaluation in the record" in analyzing Mrs. Shipley's depression as not severe and in not requiring accommodation as part of her residual functional capacity.

Under these circumstances, it was not rational for the Commissioner to defend (1) the ALJ's failure to order a consultative examination as within the ALJ's discretion, particularly when the ALJ did not appear to have actually exercised discretion, or (2) the ALJ's evaluation of the mental health evidence when that evaluation relied on a lack of evidence that the ALJ had the obligation to gather.

The court finds that the Commissioner's position was not substantially justified.

### B. Mrs. Shipley's counsel has shown that an increase in the cost of living justifies a fee higher than $125 per hour.

The EAJA allows attorneys' fees at "prevailing market rates," but subject to a cap. The ceiling is $125 per hour "unless the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. 2412(d)(2)(A)(ii) (emphasis added). In *Mathews-Sheets v. Astrue,* 653 F.3d 560 (7th Cir. 2011), the Seventh Circuit found that the EAJA does not automatically entitle an attorney to an inflation adjustment and one is not presumed, even though the $125 cap rate was set in March 1996. The court stated that "[i]nflation affects different markets, and different costs in the same market, in different ways," *id.* at 563, and a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Id.* at 563. The *Mathews-Sheets* court did not describe any particular method or manner by which a lawyer might demonstrate that inflation has increased the cost of legal services to persons seeking redress against the government.

The Commissioner contends that a lawyer must present proof that without a cost of living increase, no lawyer can be found in the relevant geographical area to competently handle the client's judicial challenge to the denial of disability benefits. Although a sentence in the *Mathews-Sheets* opinion, without context, could support this position, the Commissioner's argument ignores the *two* bases under the EAJA that justify a rate higher than the $125 cap. This court does not read *Mathews-Sheets* to limit the availability of a fee higher than $125 based on an increase in the cost of living since 1996 only where the lawyer can prove that qualified attorneys would not otherwise be available.

Mrs. Shipley's counsel has done more than simplistically assert that a higher rate is appropriate because there has been inflation since 1996 when the $125 cap was set.  First, he points to the *large* percentage change from 1996 to 2011 (the year the subject legal services were performed) in the Consumer Price Index-All Urban Consumers, an index published by the United States Department of Labor's Bureau of Labor Statistics.  The CPI-U calculates the cost of a representative "basket" of goods and services to urban households in the United States.  *See* www.bls.gov/bls/inflation.htm  (last visited May 14, 2012).  Change in the CPI-U over time is widely used as an appropriate measure of inflation and to "adjust payments for . . . obligations that may be affected by changes in the cost of living."  *Id.*  According to Mrs. Shipley (and not challenged by the Commissioner), the percentage change in the CPI-U from 1996 to 2011 is 36.77%.

Second, counsel has shown that the normal hourly rate he charges and is paid by non-contingency fee clients doubled from 1996 to 2011, from $100 to $200 per hour.  The Seventh Circuit, in a wide variety of contexts in which reasonable attorneys' fees are awardable under fee-shifting statutes, has explained that the normal billing rate an attorney uses and is *actually paid* in the market presumptively is a reasonable rate.  *See Mathur v. Board of Trustees of Southern Illinois Univ.,* 317 F.3d 738, 743-44 (7th Cir. 2003); *People Who Care v. Rockford Board of Education,* 90 F.3d 1307, 1310 (7th Cir. 1996).  The fact that counsel's presumptively reasonable rate is now markedly higher than $125, when his rate approximated the cap rate in 1996, suggests that increases in the cost of living are manifested in the cost of his legal services.  Third, counsel has pointed to certain costs incurred in his law practice as evidence that his costs to provide legal services have in fact greatly increased since 1996.  For example, the hourly rate he pays his legal assistant has more than doubled in the last 11 years, from $10 to $22.

6

The fact that clients actually pay Mrs. Shipley's counsel at a $200 hourly rate, combined with the other data, convinces the court in this case that counsel has presented sufficient evidence to justify a fee higher than $125 because of an increase in the cost of living since 1996. Other courts within the Seventh Circuit also have found a fee higher than $125 appropriate under the EAJA's cost of living justification when, among other things, counsel's normal hourly rate substantially exceeds the $125 cap. *See, e.g., Scott v. Astrue,* 2012 WL 527523 at *6 (N.D. Ill. Feb. 16, 2012).

Mrs. Shipley seeks an hourly rate of $170.96 for work performed by her attorney in 2011 and $175.75 for work performed in 2012, based on the percentage increase in the consumer price index between March 1996 and the year the legal services were performed. Other than arguing that Mrs. Shipley did not meet a burden for *any* inflation adjustment, the Commissioner has not challenged the CPI index Mrs. Shipley chose or her math computations. Nor has the Commissioner objected to the number of hours counsel itemizes he devoted to legal services in this judicial proceeding. The court is satisfied that the number of hours is reasonable. It is also satisfied that the hourly rate requested, using the consumer price index to calculate an appropriate inflation adjustment, is no greater than the prevailing market rate compensable under the EAJA. *See also Tchemkou v. Mukasey,* 517 F.3d 506, 512 (7th Cir. 2008) (approving hourly rate of $161.85 for EAJA fee award for work in 2006, and stating that "given the passage of time since the establishment of the [statutory $125 rate in 1996], a cost-of-living adjustment is warranted.").

**Conclusion**

For the foregoing reasons, Mrs. Shipley's motion for an award of attorneys' fees (Dkt. 33) under the EAJA is GRANTED. The court awards to Mrs. Shipley attorneys' fees under 28 U.S.C. § 2412(d) in the amount of $7,858.56. The fee award must be paid and delivered to Mrs. Shipley's counsel consistent with the assignment in the record.

So ORDERED.

Date: 05/23/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Timothy J. Vrana
tim@timvrana.com